IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mildenzel Davis, ) | C/A No.: 1:12-2490-SB-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Captain Brunson; Officer Jackson; Sgt ) | |
| Spades; and Officer Mills, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Mildenzel Davis, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while detained at Florence County Detention Center ("FCDC"). Plaintiff names as defendants the following FCDC employees: Captain Brunson, Officer Jackson, Sergeant Spades, and Officer Mills (collectively "Defendants"). This matter comes before the court on Defendants' motion for summary judgment. [Entry #56]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #57]. Plaintiff responded to Defendant's motion on May 13, 2013. [Entry #60]. This matter having been fully briefed, it is now ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion for summary judgment is dispositive, this Report and Recommendation is entered for review by the district judge. Having carefully considered

the parties' submissions and the record in this case, the undersigned recommends granting in part and denying in part Defendants' motion for summary judgment.

I.   Factual Background

Plaintiff alleges that Officer Jackson "approached [his] door, open[ed] [his] flap, and she reached the key that they open the doors with and she hit [him] with it." [Entry #1 at 4]. Plaintiff also alleges Officer Jackson called him a "nigga" and a "bitch." *Id*.

Plaintiff further asserts that Sergeant Spades and Officer Mills and another correctional officer sprayed and tased another inmate and failed to give him medical attention. *Id*. Plaintiff asserts that he has informed Captain Brunson about several of these incidents, but that there have not been any changes. *Id*. Finally, Plaintiff alleges that Officer Mills does not give him free hygiene items and that he must pay to see the nurse. *Id*.

II.   Discussion

   A.   Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine dispute for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by

"citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine dispute of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.  Fourteenth Amendment Application

Plaintiff's claims are analyzed through the lens of the Due Process clause of the Fourteenth Amendment. "[A] pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." *Hill v. Nicodemus*, 979 F.2d 987, 991

3

(4th Cir. 1992). "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Hill,* 979 F.2d at 991. "And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 537 (1979). "A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. In doing so, the *Bell* court noted, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.* at 546.

However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983) and *Hill*, 979 F.2d at 991–92). Therefore, the standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees. *See Hill*, 979 F.2d at 991; *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citations omitted).

C. Analysis

1. Exhaustion of Administrative Remedies

Although Defendants claim that Plaintiff has not exhausted his administrative remedies, they have failed to provide any details about the requirements for exhaustion at FCDC or Plaintiff's attempt to exhaust, if any. [Entry #56 at 7]. "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005). Because they have failed to meet their burden of proving the affirmative defense of failure to exhaust, Defendants are not entitled to summary judgment on this ground.

2. Excessive Force

Plaintiff alleges that Officer Jackson hit him with her keys. Defendants assert that Plaintiff failed to allege "an injury sufficient to rise to a constitutional claim of deliberate indifference to a serious injury under the Eighth Amendment." [Entry #56 at 7]. Evidence of serious injury is not necessary in an excessive force case because "'[w]hen prison officials maliciously and sadistically use force to cause harm'. . . 'contemporary standards of decency are always violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillan*, 503 U.S. 1, 7 (1992)).

5

Defendants have not submitted any evidence regarding the alleged use of force, such as an affidavit from Officer Jackson, or made any arguments addressing the factors used to balance whether Defendants acted maliciously or sadistically for the purpose of causing harm, which the Supreme Court set forth in *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986). Therefore, based on the limited record before the court, the undersigned is constrained to recommend summary judgment be denied to Officer Jackson for Plaintiff's claim of excessive force.

3. Use of Profanity and Racial Slurs

Plaintiff claims that Officer Jackson call him profane and racist names. However, even if assumed to be true for purposes of summary judgment, such allegations fail to set forth a claim of a constitutional magnitude. *Ajaj v. United States*, 479 F.Supp.2d 501, 538 n. 16 (D.S.C. 2007); see also *Malsh v. Austin*, 901 F.Supp. 757 (S.D.N.Y. 1995) ("Verbal assault, standing alone, is not a . . . cognizable injury in a 1983 civil rights action"); *Sluys v. Gribetz*, 842 F.Supp. 764, 765 n. 1 (S.D.N.Y. 1994) *aff'd.*, *Sluys v. Gribetz*, 41 F.3d 1503 (2d Cir. 1994); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Batista v. Rodriguz*, 702 F.2d 393, 398 (2nd Cir. 1985). Therefore, while it is reprehensible if correctional officers are engaging in such conduct, it is not a cognizable claim pursuant to § 1983.

4. Claims Related to Another Inmate

Plaintiff also alleges in his complaint that Sergeant Spades and Officer Mills used excessive force on another inmate by spraying and tasing him. [Entry #1 at 4]. Plaintiff

6

lacks standing to bring a lawsuit on another inmate's behalf. *See Hummer v. Dalton*, 657 F.2d 621, 625–626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Inmates v. Owens*, 561 F.2d 560, 562–563 (4th Cir. 1977) (one pro se inmate does not have standing to sue on behalf of another inmate); *see also Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others). Therefore, to the extent Plaintiff seeks to bring a claim on behalf of another inmate, Defendants are entitled to summary judgment.

5. Charges for Hygiene Items and Medical Visits

Plaintiff alleges that Officer Mills makes him pay for soap and toothpaste. He also states that he has seen the nurse twice, but has had to pay to see her. Defendants attach FCDC's medical co-pay policy, which provides that inmates will be charges five dollars for medical visits scheduled at their request. [Entry #56-2]. The policy also provides that there will be no charge for medical visits when requested by the medical staff or emergency visits. *Id*. Such a policy is not unconstitutional on its face. *See e.g. Reynolds v. Wagner*, 128 F.3d 166, 173–174 (3rd Cir. 1997) (deliberate indifference standard does not guarantee prisoners right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society); *see also Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981) (no basis for due process claim where deductions from prisoner accounts were assessments for value received); *Hamm v. Riley*, C/A No. 0:05-2046-HMH-BM, 2007 WL 1377611, *9, 15 (D.S.C. May 7, 2007) (finding

that a detention center's policy of deducting the costs of hygiene products and a co-pay for medical services was constitutional). Here, Plaintiff has not alleged that he is unable to pay such charges, but only complains that he has been charged for the items and services. Because Plaintiff has not alleged a constitutional violation, the undersigned recommends Defendants be granted summary judgment on this claim.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Officer Jackson be denied summary judgment on Plaintiff's claim of excessive force and that Defendants be granted summary judgment on all other claims.

IT IS SO RECOMMENDED.

October 29, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).