IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

2014 MAR 25 P 3: 20

Mildenzel Davis, )
)
         Plaintiff, )
) Civil Action No. 1:12-2490-SB
v. )
)
Captain Brunson; Officer Jackson; ) **ORDER**
Sgt. Spades; and Officer Mills, )
)
         Defendants. )
)



This matter is before the Court upon Plaintiff Mildenzel Davis's ("the Plaintiff" or "Davis") pro se complaint filed pursuant to 42 U.S.C. § 1983. The Defendants, who are all employees of the Florence County Detention Center where the Plaintiff is being detained, filed a motion for summary judgment on May 7, 2013. Thereafter, the Plaintiff received an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing him of the need to respond to the Defendants' motion. After filing a response in opposition to the Defendants' motion, the Plaintiff filed a number of letters and a motion for a polygraph test, as well as a motion for a hearing.

On October 29, 2013, United States Magistrate Judge Shiva V. Hodges issued a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C. In the R&R, the Magistrate Judge recommends granting in part and denying in part the Defendants' motion for summary judgment. Both the Plaintiff and the Defendants filed objections to the R&R. The Plaintiff also filed a motion for a hearing, a motion for a speedy trial, a motion for a temporary restraining order, a motion to deal with defects in service, two motions to compel, and a number of other

letters and responses.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making the final determination remains with the Court. Mathews v. Weber, 423 US. 261, 269 (1976). The Court reviews de novo those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II. Summary Judgment



To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual

basis." Celotex, 477 U.S. at 327. Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson, 477 U.S. at 248.

## ANALYSIS

In this action, the Plaintiff alleges that Officer Jackson approached his door, opened his flap, and "reached the key that they open the doors with and she hit [him] with it." (Entry 1 at 4.) The Plaintiff also alleges that Officer Jackson called him a "nigga" and a "bitch." (Id.) Next, the Plaintiff asserts that Sergeant Spades and Officer Mills and another correctional officer sprayed and tased another inmate and failed to give him medical attention. The Plaintiff asserts that he has informed Captain Brunson about several of these incidents, but that there have been no changes. Lastly, the Plaintiff alleges that Officer Mills does not give him free hygiene items and that he must pay to see the nurse.

In the R&R, the Magistrate Judge first determined that the Defendants failed to provide any details or evidence to satisfy their burden of proving the affirmative defense of failure to exhaust administrative remedies. Accordingly, the Magistrate Judge recommended that the Court deny the Defendants' motion for summary judgment on this ground. In addition, the Magistrate Judge recommended that the Court deny the Defendants' motion for summary judgment on the Plaintiff's claim of excessive force against Officer Jackson, noting that the Defendants did not submit any evidence regarding Officer Jackson's alleged use of force, such as an affidavit of Officer Jackson. Next, however, the Magistrate Judge determined that the Plaintiff's claim that Officer Jackson called him profane and racist names, while reprehensible, failed to set forth a claim of constitutional magnitude. Therefore, she recommended that the Court grant summary

3

judgment on that issue. In addition, the Magistrate Judge recommended that the Court grant summary judgment on the Plaintiff's claim that officers used excessive force on another inmate, noting that the Plaintiff lacks standing to bring a lawsuit on behalf of another inmate. Finally, the Magistrate Judge recommended that the Court grant summary judgment on the Plaintiff's claim that he does not receive free hygiene items and must pay to see the nurse, finding that the detention center's medical co-pay policy–which the Defendants attached to their motion for summary judgment and which indicates that inmates are charged $5.00 for medical visits the inmates schedule but are not charged for emergency medical visits or medical visits scheduled by the medical staff–was not unconstitutional.

The Plaintiff filed brief objections to the R&R, asserting that Captain Brunson failed to stop Officer Jackson from using excessive force and that Sergeant Spade lied about hurting the other inmate. The Defendants also filed objections to the R&R, as well as the affidavit of Captain Brunson. In her affidavit, Brunson notes that the complaint is silent as to the date and time of the alleged key-hitting incident and states that the incident was not  reported to Florence County Detention Center employees and was therefore not recorded. She also states that the Plaintiff's medical records do not reveal any complaint of injury as a result of being struck with keys. In addition, Brunson outlines the grievance process for detainees and states that the Plaintiff has not filed any grievance regarding the events set forth in his complaint.

As an initial matter, no party filed objections to the Magistrate Judge's recommendation that the Court grant summary judgment on the Plaintiff's claim that he does not receive free hygiene items and must pay to see the nurse. After review, the Court

4

agrees with the Magistrate Judge that this claim fails to allege a constitutional violation, and the Court affirms this portion of the R&R. See Entry 74 at 7 (citing Hamm v. Riley, 2007 WL 1377611, *15 (D.S.C. May 7, 2007) (finding that a plaintiff's claim that the detention center violated his constitutional rights by charging a $5.00 co-pay to indigent defendants for a medical appointment failed to set forth a constitutional claim); see also Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 252 (4th Cir. 2005) (finding that a charge of $1.00 per day for pretrial detainees does not amount o unconstitutional punishment).

In addition, the Court agrees with the Magistrate Judge that the Plaintiff's claim that Officer Jackson called him profane and racist names, while reprehensible, does not amount to a constitutional claim. Therefore, the Court also affirms this portion of the R&R.

Next, although the Plaintiff asserts in his objections that Sergeant Spade lied about harming another inmate, the Court fully agrees with the Magistrate Judge that the Plaintiff lacks standing to bring a lawsuit on another inmate's behalf. Accordingly, the Court affirms this portion of the R&R.

Finally, with regard to the Magistrate Judge's finding that the Defendants failed to establish the affirmative defense of failure to exhaust, the Court notes that the Magistrate Judge's recommendation was based in large part on the Defendants' failure to provide details or evidence about the requirements for exhaustion or the Plaintiff's attempts to exhaust. However, in connection with their objections, the Defendants submitted the affidavit of Captain Brunson, wherein she outlines the grievance procedure for detainees at the Florence County Detention Center and states that a review of the Plaintiff's grievance files, medical files, and personnel files reveals no documentation related to any of the events alleged in the Plaintiff's complaint. (See Entry 78-1.)

5

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the United States Supreme Court observed:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (internal citations and quotations omitted). Consequently, the PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 524, 532. The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is defined by each prison's grievance procedure, not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his administrative remedies. Jones v. Bock, 549 U.S. 199, 218 (2007). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90 (2006). An inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983." Pozo v.

McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002); see also White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997) (upholding dismissal of an inmate's complaint because the inmate failed to proceed beyond the first step in the administrative grievance process); but see, Jones, 549 U.S. at 219-24 (rejecting "total exhaustion rule" and holding that when presented with a complaint containing exhausted and unexhausted claims, courts should "proceed[ ] with the good and leave[ ] the bad"). Courts within the District of South Carolina have found that an inmate exhausts his administrative remedies when he completes all steps of a prison's grievance procedure, and section 1997e(a) does not require inmates to further appeal to South Carolina's Administrative Law Court. See, e.g., Ayre v. Currie, No. 05-3410, 2007 WL 3232177, at *7 n. 5 (D.S.C. Oct. 31, 2007); Charles v. Ozmint, No. 05-2187, 2006 WL 1341267, at *4 (D.S.C. May 15, 2006). Exhaustion is a prerequisite to suit that must be completed prior to filing an action. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir.2005). Exhaustion is an affirmative defense; an inmate is not required to plead exhaustion in his complaint. Jones, 549 U.S. at 211-12; Anderson, 407 F.3d at 681.



Here, after the Magistrate Judge filed her R&R finding that the Defendants' failed to prove the defense of exhaustion, the Defendants provided the Court with the sworn affidavit of Captain Brunson, which outlines the detention center's grievance procedure and states that the Plaintiff's records contain no grievances or other records related to any of the events alleged in the Plaintiff's complaint. In response to the Defendants' filing, the Plaintiff submitted an unsworn statement that he has copies of all of his medical forms and grievances from 2011 to 2013 and that Captain Brunson has covered up a lot of incidents; importantly, however, the Plaintiff does not attach any of these medical forms or grievances

or show that they relate to the events alleged in the complaint. In fact, the Plaintiff offers no competent evidence to create a genuine issue of material fact as to the issue of exhaustion. Therefore, after a review of the evidence in the record, the Court finds that the Defendants have satisfied their burden of showing that the Plaintiff failed to exhaust his administrative remedies before filing this action. Accordingly, the Court finds that the Defendants are entitled to summary judgment on this issue.

## CONCLUSION

Based on the foregoing, the Court adopts in part and overrules in part the R&R (Entry 74). Specifically, the Court agrees with the Magistrate Judge that the Defendants are entitled to summary judgment on the Plaintiff's claims regarding (1) Officer Jackson's alleged use of profane language, (2) Sergeant Spade's and Officer Mills' alleged use of excessive force on another inmate, and (3) the requirement that the Plaintiff pay for hygiene items and nurse visits. Next, however, the Court sustains the Defendants' objections (Entry 78) and finds that, based on the evidence presented by the Defendants, the Plaintiff has failed to exhaust his administrative remedies. Accordingly, the Court grants the Defendants' motion for summary judgment (Entry 56). The Court overrules the Plaintiff's objections (Entry 76) and finds all other motions filed by the Plaintiff to be moot.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 25, 2014
Charleston, South Carolina